## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BRENNAN LANDY, individually and on behalf
of all others similarly situated,

*Plaintiff,*

v.

MORTGAGE ONE FUNDING LLC, a Michigan
limited liability company,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Brennan Landy ("Landy") brings this Class Action Complaint against Defendant Mortgage One Funding LLC ("Defendant" or "Mortgage One") to stop Mortgage One's practice of placing (or having placed on its behalf) telemarketing telephone calls featuring an artificial or pre-recorded voice to the cellular telephones of consumers nationwide without their prior express written consent. Plaintiff seeks to obtain redress for all persons injured by Mortgage One's conduct and seeks an award of statutory damages to himself and the members of the alleged Class, plus injunctive relief, court costs, and reasonable attorneys' fees as set forth herein.

## PARTIES

1. Plaintiff Landy is a natural person over the age of eighteen (18) who resides in Delaware County, Pennsylvania.

1

2.      Defendant Mortgage One Funding LLC is a limited liability company organized and existing under the laws of the State of Michigan. Defendant's primary place of business and corporate headquarters is located in Clawson, Oakland County, Michigan.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute.

4.      This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceeds $5 million. Further, none of the exceptions to CAFA apply.

5.      This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in this District, solicits significant business in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District.

## COMMON ALLEGATIONS OF FACT

7.      Mortgage One is a company which markets and sells home mortgage loans and refinancing.

8.      Unfortunately for consumers, Mortgage One casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads, Mortgage One (either directly or via third-parties acting on its behalf and for its benefit) conducted (and continues to

2

conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited calls which feature an artificial voice to consumers' cellphones without any prior express consent to make these calls.

9. Defendant (or third parties acting on its behalf and for its benefit) place these calls to telephones using artificial voice technology to consumers' prior express consent, written or otherwise, in violation of the TCPA.

10. That is, at no time did Mortgage One obtain prior express consent from Plaintiff and the alleged Class in writing to receive the calls at issue.

11. On information and belief, Defendant's telemarketers, acting on behalf of Defendant, for Defendant's benefit, and/or at Defendant's direction and control, made such calls with Defendant's knowledge and approval, at Defendant's direction, and/or for Defendant's benefit.

12. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the alleged Class, it intentionally and repeatedly violated the TCPA in the process.

13. Defendant's calls were also placed to persons (like Landy) who placed their numbers on the National Do Not Call Registry for the specific purpose of avoiding the nuisance and invasion of privacy caused by Defendant's calls.

### FACTS SPECIFIC TO PLAINTIFF LANDY

14. Plaintiff Landy is the subscriber to and customary user of the personal cellular telephone number ending in 2213.

15. Plaintiff Landy's phone number has been on the National Do Not Call Registry since on or around May 28, 2023.

3

16. On approximately January 23, 2026, Landy received a call from the phone number (215) 318-5376.

17. The 215 area code is local to Landy in Eastern Pennsylvania, so he answered the call.

18. When Landy answered the call, he was greeted by an artificial voice which was deceptively attempting to mimic a live person.

19. Landy knew that he was speaking to an artificial voice because "she" did not speak naturally. There were periods of awkward pauses and odd vocal inflection which would not have occurred if he were speaking to a live human being. The artificial voice also did not respond naturally to Landy's responses to "her". Simply put, Landy's lived experiences led him to easily conclude that the voice was unmistakably an artificial, non-human voice.

20. The artificial voice solicited Landy to purchase mortgage products. Specifically, the artificial voice stated "I'm calling from the Mortgage One Funding rate team on a recorded line. I was asked to give you a quick call back[1] about your property in Pennsylvania to see if we can help lower your monthly payment or even offer some cash out options".

21. Landy played along in order to learn more about who was calling him without his consent. The artificial voice continued by saying "We help a lot of people in your situation do a cash out refinance so you can pay off other high interest debt or do home improvements".

22. Eventually, the artificial voice transferred Landy to a live person who identified himself as Sam with "Mortgage One Funding".  Unlike with the artificial voice, Landy's lived experience led him to easily conclude that he was now speaking to a human being. Sam picked

---

[1] Despite the artificial voice bot stating that "she" was asked to give Landy a "quick call back," Landy denies ever calling Mortgage One. This statement was made, on information and belief, as a sales tactic.

up where the artificial voice left off and continued to solicit Landy to purchase a mortgage product, specifically a cash out refinance, and stated that Landy "qualifies for competitive pricing".

23. Landy continued to play along in an effort to further determine who called him and asked Sam to send him an email so he could identify the caller. Sam agreed, so Landy provided his email address and shortly thereafter Landy received an email from Sam Salem, sams@mortgageonefunding.com, which included a link to Defendant's website. Thus, Landy further concluded that the artificial voice call was placed by or on behalf of Defendant Mortgage One Funding LLC.

24. Landy did not provide prior express written consent to receive this artificial voice call, which was placed for the purpose of selling Defendant's products and services. Thus, Defendant violated the TCPA.

## CLASS ACTION ALLEGATIONS

25. Landy bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and the Class defined as follows:

**Artificial Voice No Consent Class:** All persons in the United States from four years prior to the filing of this action through the date notice is sent to the Class who (1) received a telemarketing call made by Mortgage One or any of Mortgage One's vendors, lead generators, or agents either promoting Mortgage One's goods or services or that could have resulted in the sale of a Mortgage One product or service, (2) on the person's telephone, (3) featuring an artificial or pre-recorded voice, and (4) for whom Mortgage One claims prior express written consent was obtained in the same manner as Mortgage One claims prior express written consent was obtained to call the Plaintiff.

26. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Mortgage One or its

5

parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following appropriate discovery regarding, *inter alia*, the size of the class and the manner by which Defendant claim any prior express consent was obtained to call Plaintiff.

27.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant or their telemarketers have placed artificial voice calls to hundreds or thousands of consumers who fall into the defined pre-recorded no consent Class. The exact number of members of the Class can be identified through Defendant's records (and the records of third parties) and by reference to other objective criteria.

28.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

29.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff and their counsel have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

30.     **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions go to the very heart of the

6

litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant and/or their agents made the calls with the use of an artificial or pre-recorded voice;

(c)     Whether Defendant and/or their telemarketers systematically made calls to persons who did not previously provide Defendant with prior express written consent;

(d)     Whether the calls were for telemarketing purposes; and

(e)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

32.     **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class

action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendants for the same conduct.

## CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Artificial Voice No Consent Class)**

33.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.     Defendant or its telemarketers made pre-recorded avatar calls to cellular and residential telephone numbers belonging to Plaintiff and other members of the Artificial Voice No Consent Class without first obtaining prior express written consent to receive such calls.

35.     By making the artificial voice calls to Plaintiff and members of the No Consent Class without their prior express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(B).

36.     The calls were for telemarketing purposes and announced the commercial availability of Defendant's products and services.

37.     Neither Plaintiff nor any other member of the proposed Class provided prior express written consent to receive the artificial voice calls at issue.

38.     As a result of Defendant's conduct, Plaintiff and the other members of the No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

8

39.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

40.     To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

41.     Defendant and its telemarketers failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a clear and conspicuous disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or pre-recorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

42.     By making unsolicited telephone calls to Plaintiff and members of the Pre-Recorded No Consent Class's telephones without prior express consent, and by utilizing a pre-recorded or artificial voice, Defendant and its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

43.     To the extent third parties placed the calls, Defendant knowingly received the benefits of such calls and ratified the calls.

44.     As a result of Defendant's unlawful conduct, and/or the conduct of Defendant's agents on or for Defendant's behalf, Plaintiff and the members of the Artificial Voice No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

9

45.     In the event it is determined that Defendant's conduct was willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Pre-Recorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of the Cause of Action ($1,500.00 for each willful violation), whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

D.     An order declaring that Defendant's actions, as set out above, were unlawful, knowing and willful, and awarding treble damages;

E.     An injunction requiring Defendant to cease all unsolicited and unlawful calling activities, and otherwise protecting the interests of the Class;

F.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

10

Dated: February 24, 2026

**BRENNAN LANDY**, individually and on behalf of all others similarly situated,

Respectfully submitted,

/s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW, LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008

\* *Admitted to Practice in the Eastern District of Michigan*

11