# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRENNAN LANDY,

                Plaintiff,

v.

MORGAGE ONE FUNDING LLC,

                Defendant.

Civil Action No. 2:26-cv-10643

---

## DEFENDANT'S MOTION TO DISMISS COMPLAINT AND STRIKE CLASS ALLEGATIONS

---

Defendant Mortgage One Funding, LLC ("Mortgage One"), by and through its undersigned counsel, pursuant to Rules 12(b)(1), 12(b)(6), and 23(d)(1)(D) of the Federal Rules of Civil Procedure, respectfully moves to dismiss Plaintiff's Complaint and/or strike Plaintiff's class allegations. In support thereof, Mortgage One states as follows:

The undersigned counsel certifies that they have conferred with opposing counsel, who expressly opposes the requested relief to be sought by way of this Motion.

## I.    INTRODUCTION

This case arises from a single telephone call that Plaintiff admittedly answered and voluntarily continued after learning the nature and source of the communication. According to the Complaint, Plaintiff remained on the line, spoke with a live representative, requested additional information, and voluntarily provided his email address. Plaintiff does not allege that Defendant ever contacted him again or engaged in any continuing conduct directed toward him.

Nevertheless, Plaintiff seeks statutory damages, treble damages, injunctive relief, and nationwide class-wide relief. The Complaint fails to plausibly allege a concrete injury sufficient to establish Article III standing, fails to allege facts supporting a knowing or willful violation of the TCPA, and alleges no real or immediate threat of future injury sufficient to support injunctive relief.

The class allegations are independently defective. Plaintiff expressly alleges that he anticipates amending the proposed class definitions after discovery concerning the very facts that purportedly define class membership. In doing so, Plaintiff admits that he cannot presently identify the contours of the class he seeks to represent. Because these defects are apparent from the face of the Complaint, dismissal and/or striking of the challenged allegations is appropriate.

## II. BACKGROUND

According to the Complaint, Plaintiff received a single telephone call on January 23, 2026. Compl. ¶ 16. Plaintiff alleges that the call began with an artificial

2

voice that identified Mortgage One Funding and presented information regarding mortgage-related services. *Id.* ¶ 18-20. Plaintiff further alleges that he responded to the prompts presented during the call and remained on the line until he was connected to a live representative. *Id.* ¶ 21-22. Plaintiff then spoke with the representative regarding the services being offered. *Id.* ¶ 22-23.

Plaintiff does not allege that Defendant contacted him again after that call. Nor does Plaintiff allege that he requested that the call terminate, attempted to revoke consent during the call, or directed Defendant not to contact him in the future. The Complaint identifies no subsequent communications whatsoever.

Despite alleging only a single interaction, Plaintiff seeks to represent a nationwide class of individuals who purportedly received similar calls. *Id.* ¶ 25-26. Plaintiff simultaneously acknowledges, however, that he anticipates amending his proposed class definitions following discovery concerning the size of the putative class and the manner in which Defendant allegedly obtained consent. *Id.* ¶ 26. Thus, Plaintiff admits that the contours of the proposed class remain unknown.

Based on these allegations, Plaintiff asserts claims under the TCPA and seeks statutory damages, treble damages, injunctive relief, and class-wide relief.

### III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6), a plaintiff must allege facts sufficient to establish subject-matter jurisdiction and state

a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions, conclusory allegations, or unwarranted factual inferences. *Iqbal*, 556 U.S. at 678.

Rule 23 further permits courts to address facial defects in proposed class allegations at an early stage of the litigation. *See Pilgrim v. Universal Health Card*, LLC, 660 F.3d 943, 949 (6th Cir. 2011).

## IV.   ARGUMENT

### A.   Plaintiff Fails to Allege a Concrete Injury Sufficient to Establish Article III Standing

Article III requires a plaintiff to allege a concrete injury in fact, not merely a statutory violation. Although Congress may identify and elevate legally cognizable injuries, a plaintiff does not automatically establish standing simply by alleging a violation of the TCPA. Rather, the alleged injury must bear a "close relationship" to a harm traditionally recognized as providing a basis for suit and implicate the type of interests Congress sought to protect. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 424-27 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016).

In *Dickson v. Direct Energy, LP*, 69 F.4th 338, 345-46 (6th Cir. 2023), the Sixth Circuit concluded that the plaintiff had alleged a concrete injury because the defendant's ringless voicemail allegedly invaded the plaintiff's privacy and disturbed his "right to be left alone." *Id*. The court emphasized that unwanted telephonic

4

communications bear a close relationship to the common-law tort of intrusion upon seclusion because they intrude into a person's private sphere and disrupt the privacy interests protected by both the common law and Congress through the TCPA. *Id*.

The Complaint here alleges a materially different interaction. Plaintiff alleges that after recognizing the nature of the call, he intentionally "played along" in order to learn more about the caller. Compl. ¶ 21. Plaintiff further alleges that he remained on the line, spoke with the live representative, requested additional information, and voluntarily exchanged personal information with the caller. Compl. ¶¶ 21-23. Plaintiff does not allege that he attempted to terminate the call, requested that the communication cease, or otherwise sought to avoid further interaction. Instead, Plaintiff alleges that he knowingly continued the conversation after learning its nature and purpose.

Those allegations undermine the common-law analogy upon which *Dickson* rests. The injury recognized in *Dickson* was an unwanted intrusion that disturbed the plaintiff's right to be left alone. Here, Plaintiff alleges that he intentionally continued the interaction after learning the nature of the communication and did so for the purpose of obtaining additional information regarding the caller. Indeed, Plaintiff alleges that he sought identifying information even though the artificial voice identified itself as calling from "Mortgage One Funding" and the live representative

likewise identified himself as being with "Mortgage One Funding." Compl. ¶¶ 20, 22-23.

Accordingly, Plaintiff's allegations do not describe the type of unwanted intrusion upon privacy or solitude that formed the basis for standing in *Dickson*. Rather, Plaintiff alleges that he voluntarily continued a conversation after learning the nature and source of the communication. Such allegations do not bear the requisite close relationship to the common-law tort of intrusion upon seclusion and therefore fail to establish a concrete injury sufficient to confer Article III standing.

### B. Plaintiff Lacks Standing to Seek Injunctive Relief

Even if Plaintiff possesses standing to pursue an individual claim for damages, he lacks standing to seek prospective injunctive relief.

Injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). A plaintiff must establish standing separately for each form of relief sought. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 43 (2021). Allegations of past conduct alone are insufficient. Here, Plaintiff alleges only a single call occurring on January 23, 2026. Compl. ¶ 16. Plaintiff does not allege that Defendant contacted him again,

attempted to contact him again, ignored any request to cease communications, or otherwise engaged in any continuing conduct directed toward him.

Absent allegations demonstrating a substantial likelihood of future injury, Plaintiff lacks standing to pursue prospective relief. Because the Complaint alleges only a completed past event and no imminent threat of future harm, Plaintiff's request for injunctive relief should be dismissed.

### C.      The Complaint Fails to Plausibly Allege a Willful or Knowing Violation of the TCPA

Plaintiff's request for treble damages fails because the Complaint alleges no facts supporting a plausible inference that Defendant acted knowingly or willfully. Conclusory allegations and formulaic recitations of the statutory standard are insufficient. *See Duchene v. OnStar, LLC*, No. 15-cv-13385, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016).

At most, the Complaint alleges that Defendant intentionally placed the call at issue. But the TCPA's treble-damages provision requires more than an intentional call; otherwise, every alleged TCPA violation would automatically support enhanced damages. The Complaint contains no allegations that Defendant knew Plaintiff lacked consent, knew its conduct violated the TCPA, ignored prior complaints, or otherwise acted with conscious disregard of the statute.

Plaintiff seeks treble damages but pleads no facts supporting a plausible inference that Defendant acted knowingly or willfully. Instead, Plaintiff merely

pleads for the availability of enhanced damages "[i]n the event that the Court determines" Defendant acted knowingly or willfully. Compl. ¶¶ 39, 45. Plaintiff also concludes that the "Defendant knowingly received the benefits of such calls and ratified the calls" in the event someone else placed the calls that is not Defendant. *Id*. ¶¶ 40,43. Such a conditional statement is not a factual allegation and cannot satisfy *Twombly* or *Iqbal*. Accordingly, Plaintiff's claim for treble damages should be dismissed.

### D. The Class Allegations Should Be Dismissed or Stricken

Rule 23 permits courts to determine class-certification issues at an early practicable stage of the litigation, and a defendant may move to strike class allegations before a plaintiff files a motion for class certification. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). Where the defect is apparent from the face of the complaint and discovery would not alter the certification analysis, courts within the Sixth Circuit have stricken class allegations at the pleading stage. *Id*.; *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 542-44 (E.D. Mich. 2015); *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *8-9 (S.D. Ohio May 7, 2014); *Carmouche v. A1 Diabetes & Med. Supply, Inc.*, 586 F. Supp. 3d 795 (W.D. Tenn. 2022); *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, 235 F. Supp. 3d 882 (S.D. Ohio 2017).

The defect here is apparent from the face of the Complaint. Plaintiff expressly alleges that he "anticipates the need to amend the class definitions following appropriate discovery regarding, inter alia, the size of the class and the manner by which Defendant claim[s] any prior express consent was obtained to call Plaintiff." Compl. ¶ 26. Thus, Plaintiff admits that he cannot presently define the class he seeks to represent and instead seeks discovery to determine what class, if any, may ultimately exist.

That admission is particularly problematic because Plaintiff defines the proposed class as persons "for whom Mortgage One claims prior express written consent was obtained in the same manner as Mortgage One claims prior express written consent was obtained to call the Plaintiff." Compl. ¶ 25. The proposed class is therefore defined not by an objective historical fact, but by what Mortgage One may later "claim" regarding its consent practices. Yet Plaintiff simultaneously alleges that Mortgage One never obtained prior express written consent from him. As pled, the proposed class is not defined by any presently identifiable, objective criterion. Rather, class membership depends upon facts Plaintiff admits he does not yet know, future discovery concerning Defendant's alleged consent practices, and Defendant's future position regarding how consent was purportedly obtained. Indeed, Plaintiff seeks discovery not merely to identify class members, but to determine the operative criteria by which class membership will later be defined.

9

Plaintiff's proposed class also raises the concerns underlying the prohibition against fail-safe classes. A fail-safe class is one that "includes only those who are entitled to relief" or otherwise "cannot be defined until the case is resolved on its merits." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)). Such classes are improper because class members either prevail on the merits or, by virtue of losing, are deemed never to have been members of the class at all. *Randleman*, 646 F.3d at 352.

Courts have applied these principles in TCPA actions and have rejected proposed classes where membership turns on consent or other merits-based determinations. In *Boyer v. Diversified Consultants, Inc.*, the Eastern District of Michigan struck TCPA class allegations where determining class membership required resolving the central merits question of whether consent existed. 306 F.R.D. 536, 542-44 (E.D. Mich. 2015). Likewise, in *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *8-9 (S.D. Ohio May 7, 2014), the Southern District of Ohio found that a proposed TCPA class was impermissibly fail-safe where membership depended on whether recipients had provided prior express consent to receive the challenged calls. Both courts recognized that a class cannot be defined in a manner that requires adjudicating the very liability issues the litigation is intended to resolve.

10

Because Plaintiff's own allegations establish that the proposed class is not presently ascertainable, depends upon future discovery to determine the operative class criteria, and is defined by reference to Defendant's future position regarding consent, the class allegations should be dismissed or, alternatively, stricken.

## V.    CONCLUSION

For the foregoing reasons, Defendant Mortgage One Funding respectfully requests that the Court dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). In the alternative, Defendant requests that the Court:

a) dismiss Plaintiff's request for injunctive relief;

b) dismiss Plaintiff's claim for treble damages;

c) dismiss or strike Plaintiff's class allegations; and

d) grant such other and further relief as the Court deems just and proper.

Date: June 17, 2026                Respectfully submitted,

/s/ Nathan H. Lichtenstein
Nathan H. Lichtenstein (IL Bar # 1655469)
Khoa D. Trinh (IL Bar # 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
ktrinh@agdglaw.com
nlichtenstein@agdglaw.com

Attorneys for Mortgage One Funding, LLC

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, a true and correct copy of the foregoing

***DEFENDANT'S MOTION TO DISMISS COMPLAINT AND STRIKE CLASS***

***ALLEGATIONS*** was filed and served via CM/ECF to all parties of record.

/s/ Khoa D. Trinh
Khoa D. Trinh