## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRENNAN LANDY,

                Plaintiff,

v.

MORGAGE ONE FUNDING LLC,

                Defendant.

Civil Action No. 2:26-cv-10643

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS

Plaintiff's Response cites numerous out-of-circuit decisions but largely fails to address the controlling authorities or arguments advanced in Mortgage One's Motion. Instead, Plaintiff responds to propositions Mortgage One has not asserted, relies primarily on non-binding authority, and conflates distinct legal standards.

Mortgage One argues only that the Complaint fails to allege facts sufficient to establish Article III standing, injunctive relief, treble damages, and a facially sufficient proposed class. Plaintiff's assertion that discovery may uncover additional facts or permit refinement of the class does not cure his pleading deficiencies.

### A.    The Complaint Still Fails to Allege Article III Standing

Mortgage One does not contend that remaining on a call automatically defeats Article III standing. The issue is narrower: whether Plaintiff's own allegations plausibly establish the concrete privacy injury required by Article III. As the

Supreme Court has explained, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331 (2016). The Supreme Court has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement merely because a statute authorizes suit. "An injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426-27 (2021) (only plaintiffs with concrete harms by a statutory violation may sue over that violation in federal court).

Nor did *Dickson v. Direct Energy, LP*, 69 F.4th 338 (6th Cir. 2023), adopt the categorical rule Plaintiff suggests. Rather, the court held that the alleged injury qualified as concrete because it bore a "close relationship" to the common-law tort of intrusion upon seclusion. *Id.* at 344-46. The relevant inquiry is not simply whether the Complaint alleges an unsolicited telemarketing call, but whether the particular injury alleged plausibly bears that relationship.

Then-Judge Barrett explained in *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020), intrusion upon seclusion generally imposed liability where calls were "repeated with such persistence and frequency as to amount to a course of hounding the plaintiff." *Id*. (quoting Restatement (Second) of Torts § 652B). Although Article III requires only a close relationship to the common-law tort, the historical analogue remains the benchmark.

Plaintiff's own allegations undermine the inference that his harm bears any

relationship to intrusion upon seclusion. In the single call alleged, Plaintiff immediately recognized Mortgage One's artificial voice, intentionally "played along" to identify the caller, requested transfer to a live representative, continued the conversation after learning the caller's identity, and voluntarily provided his email address. Any unsolicited interruption ceased once Plaintiff knowingly elected to continue the interaction for investigative purposes. Plaintiff's own allegations demonstrate he voluntarily continued the conversation after recognizing its nature.

This principle is reflected in *Vespa v. Safety Fed. Sav. & Loan Ass'n*, 219 Kan. 578, 549 P.2d 878 (1976), where the court rejected an intrusion-upon-seclusion claim after concluding the plaintiff's own conduct demonstrated implied consent. Although the plaintiff testified she had not expressly invited the defendant into her home, she never asked him to leave and voluntarily engaged him in conversation for approximately three hours. The court held those facts failed to establish an actionable intrusion. *Id*. at 582-83 (cited in Restatement (Second) of Torts § 652B for the proposition that "[c]onsent to enter need not be express").

Plaintiff's reliance on *Dobronski*, *Chapman*, and similar cases is misplaced. Those decisions confirm only that unsolicited telemarketing calls *may* constitute a concrete injury under appropriate circumstances. They do not relieve Plaintiff of his burden to plausibly allege such an injury based on the facts pleaded here.

**B.    Plaintiff Still Lacks Standing for Prospective Injunctive Relief.**

3

Mortgage One does not contend that the TCPA fails to authorize injunctive relief or that Plaintiff is required to establish the traditional equitable factors at the pleading stage. Rather, it argues that Plaintiff lacks standing to seek prospective injunctive relief because he alleges only a completed past injury and pleads no facts demonstrating a real and immediate threat of future harm, as required. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *TransUnion LLC*, 594 U.S. at 435-36.

Plaintiff ignores both decisions and instead cites out-of-circuit decisions. The Supreme Court has made clear that Congress's creation of a statutory cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion LLC*, 594 U.S. at 426. The issue is not whether the TCPA authorizes injunctive relief, but whether Plaintiff has alleged a sufficient likelihood of future injury to invoke federal jurisdiction over prospective relief.

Plaintiff alleges only one telephone call. He alleges no subsequent calls, repeated attempts to contact him, refusal to honor a request to stop calling, or other facts plausibly suggesting Mortgage One is likely to contact him again. Instead, Plaintiff argues Mortgage One has not affirmatively represented that it ceased the challenged conduct. But Article III imposes no such burden. Plaintiff bears the burden of alleging a real and immediate threat of future injury. *Lyons*, 461 U.S. at 102; *TransUnion LLC*, 594 U.S. at 435. Because the Complaint alleges only a

completed past event, Plaintiff lacks standing to seek prospective injunctive relief.

### C.      Plaintiff Still Fails to Plead a Knowing or Willful TCPA Violation.

Mortgage One argues that the Complaint alleges no facts supporting a plausible inference that Mortgage One knowingly or willfully violated the TCPA. Plaintiff responds that discovery may reveal supporting evidence, that willfulness is generally a jury question, and that other courts recognize recklessness as a basis for enhanced damages. Plaintiff does not address whether he adequately pleads a knowing or willful TCPA violation.

Nor does Plaintiff address *Duchene v. Onstar, LLC*, 15-13337, 2016 WL 3997031 (E.D. Mich. July 26, 2016), where the court dismissed a TCPA treble damages claim because the complaint failed to allege facts showing the defendant knew it lacked consent or otherwise knew its conduct violated the TCPA. The court rejected the notion that allegations merely showing the defendant intentionally placed the calls were sufficient to plead a knowing or willful violation. *Id*. at *7.

Here, Plaintiff alleges a single violating call and concludes that any violation was "knowing" or "willful." The Complaint does not allege that Mortgage One knew Plaintiff had not consented, that Mortgage One continued calling with such knowledge, that Plaintiff notified Mortgage One it lacked consent, or any other facts plausibly supporting the heightened state of mind required for treble damages. Plaintiff's conclusory recitation of the statutory standard cannot substitute for factual

allegations establishing a plausible entitlement to enhanced damages.

### D.      The Proposed Class Allegations Remain Facially Deficient.

Plaintiff's reliance on post-discovery refinement misses the point. Mortgage One challenges the sufficiency of the class allegations as pleaded. Plaintiff defines the proposed class to include persons "for whom Mortgage One claims prior express written consent was obtained in the same manner as Mortgage One claims prior express written consent was obtained to call the Plaintiff." (Doc. 1 at ¶ 25). Yet, the Complaint never identifies that alleged "manner," alleges a uniform method of obtaining consent, or pleads objective criteria by which class membership can be determined. Instead, Plaintiff expressly alleges that he "anticipates the need to amend the class definitions" after discovery concerning, "inter alia," Mortgage One's asserted methods of obtaining prior express written consent. (Doc. 1 at ¶ 26). The proposed class is indeterminable as pleaded.

Plaintiff's reliance on cases recognizing that class definitions may be refined after discovery are inapposite. Those cases do not hold that a plaintiff may define a proposed class by reference to an unidentified process while acknowledging the class definition may require amendment after discovery concerning the defendant's practices. They recognize that courts may refine class *contours* after discovery assuming the plaintiff alleged a class already defined by objective characteristics and merely requires refinement after factual record develops. *Eager v. Credit Bureau*

6

*Collection Services, Inc.*, No. 1:13-CV-173 2014 WL 3534949, at \*9 (W.D. Mich. July 16, 2014) (a proposed class may be "tweaked").

By contrast, the Complaint leaves the defining characteristic of the proposed class—the manner by which Mortgage One obtained consent—entirely undefined. That is the type of pleading defect appropriately resolved at pleading. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). In *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 542-44 (E.D. Mich. 2015), this district acknowledged that striking class allegations should be used sparingly yet struck TCPA class allegations because the proposed classes were legally impermissible, explaining that where a defendant demonstrates such legal defect, "fairness and efficiency require" addressing it at pleading. *See also Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538–40 (6th Cir. 2012) (class must be definite and determinable by objective criteria); *Fox v. County of Saginaw*, No. 1:19-cv-11887, 2025 WL 2419232, at \*13 (E.D. Mich. Aug. 21, 2025) (requiring "sufficiently definite" and "administratively feasible" classes without "mini-trials" to determine membership).

Rather than explain how the Court can determine class membership from the Complaint, Plaintiff argues that discovery is necessary before the class definition can be amended. That concession confirms the issue: the Complaint does not define the proposed class with sufficient definiteness to satisfy Rule 23 and implicates the same concerns as a fail-safe class because membership depends on an unidentified consent

methodology. The class allegations should be dismissed or stricken.

For the reasons above, Mortgage One requests that the Court grant its Motion.

Date: June 22, 2026                     Respectfully submitted,

*/s/ Nathan H. Lichtenstein*            */s/ James J. Sarconi*
Nathan H. Lichtenstein (IL Bar # 1655469)   James J. Sarconi (P66101)
Khoa D. Trinh (IL Bar # 6351044)        SMITH & SARCONI PLC
ARONBERG GOLDGEHN                        13900 Lakeside Circle, Suite 203
225 W. Washington St., Suite 2800        Sterling Heights MI 48313
Chicago, IL 60606                        (586) 884-5420
(312) 755-3177                           jsarconi@s2attorneys.com
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com                       *Attorneys for Defendant*.


## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND**

**STRIKE CLASS ALLEGATIONS** was filed and served via CM/ECF to all parties

of record.

/s/ Khoa D. Trinh

Khoa D. Trinh